ANTONIA RIEDER MARXUACH, Plaintiff and Appellant, v. JUAN TORRUELLA CORTADA, Defendant and Appellee.

No. 6682. Argued March 26, 1935.—Decided July 19, 1935.

F. Parra Capó and A. Arnaldo Sevilla for appellant. José A. Poventud and Alberto S. Poventud for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Antonia Rieder Marxuach and Juan Torruella Cortada formed a particular civil partnership, to do business in Ponce under the firm name of "Recreo Agricultural Company," for a term of ten years to expire on April 17, 1938, the plaintiff being a capitalist partner and the defendant an industrial partner. The object of this partnership was to promote the pastures of certain properties whose use was contributed by the plaintiff to the partnership, exploit a dairy, and engage in the breeding and purchase of cattle and in other activities which might be connected with the best exploitation of said properties. The lower court in its order of June 10, 1933, says that the value of certain cattle and implements were also contributed as part of the partnership capital, although it was set forth in clause 2 of the deed that the same would be refunded at the expiration of the term, without interest. The value of these cattle was fixed at $8,606.75 in the inventory taken at the time the partnership was formed. The court adds that in spite of what is said in clause 2 as regards the valuation of the cattle and implements that Mrs. Marxuach contributed to the partnership, in clause 13 it is stated that upon the dissolution of the partnership all the cattle belonging to the firm, in conformity with the books carried by the partnership, as well as all ox carts and agricultural implements and other movables, would be assessed and the value thereof divided in equal shares between both partners, including those mentioned in the second paragraph of the deed, after payment of the partnership debts.

The parties also agreed that the payment of whatever cattle were purchased for carrying out the purposes of the partnership, the payment of all taxes levied on the properties, and arising from the business, and the payment of all sums that must be paid yearly to the Federal Bank during the term of the contract in order to pay a mortgage with interest thereon which encumbers the property in favor of

said bank, would be for the account of the partnership, in the same proportion in which up to the time of the execution of the deed of partnership such payments had been made. By the eleventh clause of the contract it was provided that profits and losses would be distributed in equal shares between both partners.

Mrs. Antonia Rieder Marxuach requested the dissolution and liquidation of the partnership and the defendant, Juan Torruella Cortada, acquiesced to that request. The court rendered judgment accordingly and, in conformity with the stipulations, it appointed Attorney Luis Yordán Dávila to carry out said liquidation by making the corresponding inventory, assessment, adjudication, and distribution of any surplus that might remain after paying the partnership debts, in accordance with the partnership contract. Mr. Yordán Dávila died before finishing his task and the parties, through a stipulation, submitted to the final decision of the District Court of Ponce everything concerning the liquidation of the said Recreo Agricultural Company in order that said court, weighing the evidence taken before commissioner Yordán Dávila and giving the parties an opportunity to present new evidence, might definitely decide all pending questions with regard to such liquidation.

On June 10, 1933, the lower court entered an order declaring the items that constituted the partnership assets, which it fixed in the sum of $25,794.75, and determining the items that composed the liabilities, amounting to $28,115.58. The court, considering itself without authority under the terms of the stipulation to decree the adjudication of the property, left the parties at liberty to do so as they might deem best. As we have stated before, the parties submitted "to the final decision of the court everything concerning the liquidation of the Recreo Agricultural Co." The stipulation concludes by saying that after the parties are heard "a final decision on all pending questions with regard to the liquidation of the aforesaid partnership will be entered." The defendant

requested the reconsideration of the order determining the assets and liabilities of the partnership, and alleged, among other things, that the court should distribute the partnership capital, by making the proper adjudications and establishing the manner in which the rights of the parties should be made effective and decreeing the definite payment of the partnership debts. The plaintiff agreed, and both parties having stipulated that the adjudications be made in conformity with their briefs, the court so decreed by an order of June 22, 1933. The plaintiff took an appeal from this order, and urged as a first ground therefor that the court erred in not finding that the partnership Recreo Agricultural Company owes the plaintiff $8,606.75, and in failing to include said credit among the liabilities of the partnership and to order its payment in the liquidation of said entity. In the second assignment the plaintiff urges that the court erred in holding that the Recreo Agricultural Company owes Juan Torruella Cortada $20,892.98, and in including that credit among the liabilities of the partnership and in ordering the payment thereof in the liquidation. The defendant argues that the first and second errors should be disregarded as the same are directed against the order entered on June 10, 1933, from which no appeal has been taken and not against that rendered on June 22, which is the one that has been the object of the present appeal. In appellee's view, we are dealing with orders entered after judgment, which can only be reviewed when the proper appeal is taken.

In arguing his motion for reconsideration, consented to by the appellant in so far as the adjudication of the property is concerned, the defendant-appellee expressed himself as follows:

"It was undoubtedly the idea of the parties that nothing be left pending; and if the Hon. Court fails to adjudicate the property to such parties, and to impose on the latter or on some of them the obligation of paying the liabilities, they would simply be left entangled in a new suit to accomplish that purpose, or at least, sup-

plementary proceedings would have to be instituted in this same case in order that the matter might be definitely settled. Moreover, the liquidation of a partnership similarly as in the case of the liquidation of the estate of a deceased person, involves necessarily the adjudication or distribution of property, with the imposition on one or more of the interested parties of the obligation of paying the debts or liabilities that may exist."

The lower court, on June 22, 1933, rendered its final decision, making the adjudication of the property, by an order entitled "Final Decree." The defendant, in maintaining that the pronouncements contained in the former order can not be considered in the present appeal, as no appeal had been taken from said order, undoubtedly proceeds upon the assumption that said order was appealable. We have serious doubts on this point. The court was authorized by the parties to finally decide all pending questions relative to the liquidation. The appellee himself admits that the authority granted to the court necessarily included the power to adjudicate or distribute the property. If this is so, it must be conceded that the order entered on June 10 did not definitely decide the rights of the parties, as it omitted certain pronouncements that should have been made, and were made later with the consent of both litigants. In its first order the court determined the assets and liabilities of the dissolved partnership; but what was left to be done and what was later done, distributing the properties and fixing the liabilities of the partnership, was something that demanded the exercise of judicial discretion and was not a question that could be decided through a purely ministerial act. Numerous decisions have held that a judgment, order, or decree is not final or appealable, unless it determines the merits of the controversy, or the rights of the parties, without leaving anything for future determination. The order of June 10 was not executory. The order entered on June 22 was the one that definitely decided the questions raised by the parties, and hence we are of the opinion that the pronouncements

of the court below in the former order, impeached by the appellant, may be reviewed in the present appeal.

We shall now proceed to consider the errors assigned by the appellant. It is first urged that the sum of $8,606.75 constitutes a credit in favor of the plaintiff which should have been included among the liabilities of the partnership, and that the payment of this sum should have been ordered in making the liquidation. The partnership contract begins by describing five rural properties situated in several wards of Ponce, the full ownership of which belongs to Mrs. Rieder Marxuach. Then, in the second clause of the deed, it is set forth that in these properties there are ''a certain number of cattle, besides some ox carts and agricultural implements, detailed in the inventory attached to the deed,'' which also belong to that lady. In the third clause it is stated that as both appearing parties had agreed to organize with said properties a particular partnership for the purpose of exploiting the same and distributing between them the profits obtained, they do so under the following covenants and conditions:

''1. Mrs. Marxuach contributes to the partnership the above-described properties with all their appurtenances, with the sole purpose above mentioned in the third paragraph of the present deed, and said properties shall continue to belong exclusively to Mrs. Marxuach.

''2. The cattle, ox carts and agricultural implements to which the second paragraph of the present deed refers, shall be appraised on this date according to the current price on this market, and its value is also contributed to this partnership, to be refunded by the partnership at the expiration of the term for which the same is constituted, without interest.''

This is the cattle that was assessed in the inventory in the sum of $8,606.75. The plaintiff argues that she contributed to the partnership the use of the five rural pieces of property that composed the Recreo Estate, reserving the ownership thereof, and that in addition she loaned to said partnership the sum of $8,606.75, which sum the latter agreed

to repay, without interest, at the expiration of the term for which the firm was organized. The appellee maintains that this was not a loan but a contribution. We are inclined to the view that the latter is the correct interpretation, in accordance with the clauses of the deed above transcribed. In the first place, Mrs. Marxuach appears to be contributing to the partnership the properties which she owns. There is no doubt that the usufruct of these properties amounts to capital contributed to the partnership. It is then set forth that the value of the cattle, ox carts, and agricultural implements *is also contributed to the partnership*. The word "also" indicates likeness or similarity with the terms of the preceding clause with regard to the contribution of capital. It is true that it is said that the value of the cattle must be repaid by the partnership upon the expiration of the term for which it was constituted, without interest, and that it is strange that such a thing was stated, as the capital contributed draws no interest. It is well known that a capitalist partner is entitled to the refund of the capital contributed by him, upon the dissolution of the partnership once the liabilities of the firm are paid, without interest. This is the basic argument on which the appellant relies to maintain that what was intended was a loan and not a contribution. However, it may be that the reference to the nonpayment of interest was made in order that nothing might be wanting, as something that was considered as well known and, although unnecessary, was set forth in the partnership deed. The parties, in our view, have clearly expressed their intention when immediately after saying in a paragraph that Mrs. Marxuach contributed to said partnership the properties together with all their appurtenances, they added, in the following paragraph, that she also contributed to the partnership the value of the cattle, ox carts, and agricultural implements.

It has been shown that in the ledger of the partnership the sum of $8,606.75, the total value of the cattle, was made

to appear as partnership capital. In the accounts of the partnership which were sent to the plaintiff, the value of the cattle appears as capital, and the plaintiff made no objection to said accounts and offered no evidence tending to show that the parties had no such intention. The defendant, Juan Torruella Cortada, testified that the value of the cattle contributed to the partnership was as capital and that it so appears in the books and accounts rendered to the plaintiff. There is nothing in the record which might serve as a basis for maintaining that the contracting parties did not intend that the value of the cattle be contributed to the partnership as capital, while there is abundant evidence to show that such was the intention of the parties. Whether or not personal property owned or acquired by a partner has been contributed by him to the firm so as to become partnership property depends upon the intention of the parties, as revealed by their conduct, by the provisions of the copartnership agreement, by entries in the firm books, although the mere fact that property is used in the firm business will not of itself show that it is firm property. 47 C. J. 752. *In re Amy*, 21 F. (2d) 301.

In the present case, besides the partnership deed which stipulates that the value of the cattle, ox carts, and agricultural implements is also contributed to the partnership, there exist the entry in the partnership books, the unobjected accounts rendered to the plaintiff, and the uncontroverted testimony of the defendant to the effect that said value was contributed as partnership capital. The defendant maintains as a reason for contributing the value of the cattle and implements instead of the cattle itself, that if the plaintiff had contributed said cattle, the risk would have been hers in case of total or partial loss of the animals, while by contributing the value or price fixed in the inventory, the risk in that case would be run by the partnership. In this manner the plaintiff contributed an unchangeable capital, not subject to fluctuations, as it consists in the value, assessment,

estimate, or price fixed to the cattle and agricultural implements. The assignment of error referred to must be overruled.

In the second assignment it is urged that the court erred in holding that the Recreo Agricultural Company owes Juan Torruella Cortada the sum of $20,892.98, in including said credit as a liability of the partnership, and in directing the payment thereof in the liquidation.

In its decision of June 10, 1933, the court acknowledges a credit of $20,892.98 in favor of the defendant Juan Torruella Cortada, as follows:

"It has been shown to the satisfaction of the court that the defendant Juan Torruella Cortada has a credit or account against the partnership amounting, according to the inventory and general balance of October 29, 1932, to $20,892.98. This credit has been carried over in the annual inventories and balances, from the sum of $12,234.61 in the year 1929, increasing annually up to the year 1932, to the sum mentioned; and as it has been shown that the defendant rendered yearly accounts to the plaintiff and that she never made any objections to them, it may be concluded that said accounts were accepted by the plaintiff, in accordance with the cases of *Hernáiz Targa & Co. Sucrs., S. en C.* v. *Cobián,* 41 P.R.R. 546; *Torres* v. *Lothrop,* 16 P.R.R. 172; *Drug Company of P. R., Inc.* v. *Susoni,* 43 P.R.R. 740; and *First National Bank* v. *Allen,* 100 Ala. 476, 46 Am. St. Rep. 80; the details of said account or credit of the defendant having been proved further by the testimony of witnesses and experts, as well as by documentary evidence, without the plaintiff offering any evidence to the contrary, and it having also been shown that the defendant always placed at the disposal of the plaintiff and her expert the books and vouchers pertaining to said account. The court gave full credence to the evidence of the defendant with regard to the sale of the cattle to the partnership (acquired in conformity with paragraph *a* of clause 10), and that said cattle were inventoried, received, and used in the estate and that part of the same still exists there."

We have examined the statements of the witnesses who testified on this claim of the defendant against the partnership. The findings of the court below are justified by the evidence. Plaintiff presented no evidence to impeach that

adduced by the defendant. The court below believed said evidence. No bias, prejudice, or partiality, or manifest error in the weighing of the evidence has been shown. There is not even a conflict in the evidence. In these circumstances, this court is bound to overrule the error assigned by the plaintiff.

▮ The third assignment attacks one of the adjudications made by the court below in the order appealed from. It is urged that the court erred "in charging the plaintiff-appellant with the payment of the taxes owed to The People of Puerto Rico and of the installments due on the mortgage executed in favor of the Federal Bank by the plaintiff-appellant, these two items amounting to $7,222.58, and in awarding in payment of said amount the right to the use of the properties of the partnership up to April 17, 1938, for the sum of $13,360.21, with the obligation of refunding to Juan Torruella Cortada the sum of $8,203.98, with interest thereon at 6 per cent per annum.

From the $18,310.21, total value of the use of the properties from October 28, 1932, to April 17, 1938, was deducted $4,950, or the amount of the taxes to be paid on the properties through the period comprised between both dates, leaving a surplus of $13,360.21. To cover the sum of $5,327.46, the amount of the taxes owed to The People of Puerto Rico on October 29, 1932, and to pay said installments due the Federal Bank, amounting to $1,895.12, Mrs. Rieder Marxuach was awarded, among other assets, the use and enjoyment of the properties up to April 17, 1938. For the sake of greater clearness, we transcribe below that part of the order of the lower court which refers to the award made in favor of Mrs. Antonia Rieder Marxuach:

"Mrs. Antonia Rieder Marxuach, the plaintiff, *Dr.*:

To be charged with payment of the taxes
owed to The People of Puerto Rico on the
properties contributed to the partnership,
the sum of _____ $5,327.46

And the payment of the installments due to the Federal Bank, item No. 2 of the liabilities, the sum of_____ $1, 895. 12

Total_____ $7, 222. 58

To make the above payment the following is allotted to her:

(a) The amount of the partnership credits against Antonia Rieder Marxuach, Vicente López, R. Colón, Guillermo Torres and Ponce Electric Co., that is, item No. 4 of the assets, totalling_____ 174. 40

(b) The ox carts, stable equipment, and agricultural implements existing on the property El Recreo, as detailed and described in said inventory of October 29, 1932, which is item 2(b) of the assets, amounting to_____ 1, 891. 79

(c) And the right to the use or enjoyment of the properties contributed by the said plaintiff to the partnership up to April 17, 1938, which right and properties are described in the partnership contract and are valued, after deducting the taxes from the dissolution of the partnership to the expiration of such right on April 17, 1938, in the sum of_____ _____ 13, 360. 21

$7, 222. 58

The adjudications to Mrs. Rieder amount to _____ $15, 426. 40

Difference to be refunded by Mrs. Rieder, to meet the balance of the liabilities of the partnership_____

$8, 203. 82.''

As may be seen, Mrs. Rieder Marxuach was charged with the obligation of returning $8,203.82 to meet the balance of the partnership liabilities. This amount, which the plaintiff was to refund, was awarded to Juan Torruella Cortada, with legal interest thereon at the rate of 6 per cent per annum until fully paid.

The plaintiff agreed that the value of the use of the property until the partnership contract expired in 1938 should form part of the assets of the partnership. In its order of June 10, 1933, the lower court says:

". . . the plaintiff admits, as does the defendant, that the value of the use of the properties until the expiration of the partnership contract in 1938, should form part of the assets of the partnership, that said use of the properties was appraised by an expert before Commissioner Yordán in the sum of $18,310.21, and that this latter sum was included in the inventory and balance of October 29, 1932, the parties in their stipulation of February 14, 1933, *supra*, having submitted the liquidation to the decision of the court, in accordance with the evidence adduced before the Commissioner or presented later. The plaintiff submitted no evidence tending to modify the value assigned to the use of the properties. . ."

We are aware of the fact that Mrs. Rieder Marxuach contributed the usufruct of the properties together with all their appurtenances to the partnership, that Mr. Torruella contributed also the knowledge he has of the business in question as well as his personal intervention, being exclusively in charge of the management of the partnership, and that the partnership contract under which these contributions were made should have continued in force until the 17th of April 1938. We note that the partnership was dissolved by virtue of a judgment rendered pursuant to a stipulation of the parties on October 28, 1932, and that the usufruct of the properties from that date to the year 1932 has been considered as property subject to distribution, with a value of $18,310.21. We know that this same usufruct was assessed in the sum of $5,000 when the partnership was formed. The plaintiff herself, however, suggested that said usufruct be appraised as property to be distributed, that the value of the same be subject to the payment of the taxes and of the installments of the mortgage in favor of the Federal Bank, and that it formed a part of the assets of the partnership. Under the circumstances we have no basis for holding that the lower court erred in allotting to the plaintiff the value

of the right and enjoyment of the properties up to the date above mentioned, to pay the taxes and the installments due to the Federal Bank and to cover in part the sum owed to the defendant.

The plaintiff considers that it was error to allot property to pay obligations of the partnership, especially when the allotment has been made for an amount exceeding such obligations, thus compelling her to refund to Mr. Torruella the surplus of $8,203.82, which in her opinion is oppressive. We have already said that the use of the properties was appraised as capital, to be distributed, in the sum of $18,310.21, and now add, upholding the lower court, that the plaintiff offered no evidence to impeach the testimony of the experts who testified as to this valuation. The district court, in view of the fact that the value of the adjudications exceeded the amount of the taxes due and of the installments owed to the Federal Bank, ordered that the allottee entrusted with the payment of these obligations should refund the balance in order to meet the remainder of the liabilities of the partnership. The decision of the court below must be considered in connection with the evidence submitted, the admissions of the plaintiff herself, and the means available for establishing the findings made. When the partnership was organized in 1928 one of the parties contributed property and the other industry. This property answers for the debts of the partnership. Among the latter is included the amount of what the properties might produce within a term extending from October 29, 1932, to April 17, 1938, when the contract was to expire. The right of usufruct for ten years, valued at $5,000 on the 17th of April 1928, when the partnership was organized, is assessed by the experts for the defendant in more than $18,000 after the hurricanes of San Felipe and San Ciprián, when nearly half of the term set for the contract had elapsed. The taxes due, the installments owing to the Federal Bank, and part of the credit of $20,892.98 acknowledged in favor of the defendant, are to

be paid with the proceeds of said usufruct. These facts, however, some admitted by the capitalist partner and others established by uncontrovertible evidence, have nothing to do with the adjudication of property to the defendant. We are of the opinion that there is no ground to justify the setting aside of the settlement complained of, and that the judgment appealed from should be affirmed.